IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BENJAMIN VIENT,
*Plaintiff*

v.

APG Media *et al.*
*Defendants*

Civil Action No. ELH-18-3862

**MEMORANDUM**

Self-represented plaintiff Benjamin Vient filed a copyright infringement suit against defendants APG Media of Chesapeake LLC ("APG") and Ancestry.com Operations Inc. ("Ancestry"), alleging violations of the Copyright Act, 17 U.S.C. §§ 101, *et seq.* ("Act"). ECF 17 (the "Amended Complaint").[1] In particular, Vient asserts that defendants, without authorization, reproduced, distributed, and displayed his copyrighted works. *See* 17 U.S.C. § 106(1), (3), (5). In support of his Amended Complaint, plaintiff filed two exhibits containing screenshots of two websites allegedly displaying his copyrighted works. ECF 17-1; ECF 17-2. He seeks monetary damages as well as injunctive relief. *Id.* at 2.

APG moved to dismiss the suit (ECF 19), supported by a memorandum (ECF 19-1) (the "Motion to Dismiss") and an exhibit. ECF 19-2. On April 15, 2019, Ancestry also moved to dismiss, incorporating the Motion to Dismiss by reference. ECF 28. I shall refer to both motions collectively as the "Motion to Dismiss."

Six motions filed by Vient are also pending, including a motion to renew (ECF 22), three motions for a more definite statement (ECF 26; ECF 30 ECF 32), a "Motion To Schedule

---

[1] Plaintiff referred to APG Media of Chesapeake LLC as "APG Media" and to Ancestry.com Operations Inc. as "Ancestry." ECF 17. The Clerk is directed to correct the Docket to reflect the actual names of the defendants.

Conference and Order" (ECF 34), and a "Motion To Delineate Complaint's Relief." ECF 36. Plaintiff's motion to renew seeks to revive seven earlier motions (ECF 7 to ECF 13), which the Court had dismissed, without prejudice, due to Vient's failure to effectuate service. *See* ECF 16. These include a motion for preliminary injunction. ECF 11. Additionally, "in an abundance of caution," defendants have filed two additional motions to dismiss. ECF 37; ECF 38.[2]

No hearing is necessary to resolve the motions. *See* Local Rule 105.6. For the reasons that follow, I shall grant in part and deny in part the Motion to Dismiss. ECF 19; ECF 28. Specifically, I shall grant the Motion to Dismiss as to the copyright infringement claim regarding "Drawn to the Train" and the related photograph, with leave to amend. And, I shall deny it as to the copyright infringement claim regarding "How long is too long" and the related photograph.

Additionally, I shall grant the motion to renew (ECF 22), but only as to plaintiff's motion for preliminary injunction. ECF 11. I shall deny the motion to renew as to plaintiff's other motions. *See* ECF 7, ECF 8, ECF 9, ECF 10, ECF 12, and ECF 13. I shall also deny, as moot, ECF 22, ECF 26, ECF 30, ECF 32, ECF 36, ECF 37, and ECF 38. And, I shall deny plaintiff's motion to schedule conference (ECF 34), as premature.

### I.     Factual Background

Plaintiff asserts that APG and Ancestry have improperly displayed his copyrighted writings and photographs on their websites. ECF 17. First, he alleges that from on or about February 23, 2018, to an unspecified date, defendants displayed his article, "Drawn to the Train," and related

---

[2] Shortly before the docketing of this Memorandum, plaintiff submitted an opposition (ECF 41) to defendants' additional and duplicative motions to dismiss. *See* ECF 37; ECF 38. Plaintiff also submitted multiple exhibits in support of the opposition. *See* ECF 41-1 to ECF 41-4. And, plaintiff filed a "Motion To Add Declarations And Exhibits To Complaint." ECF 42. Defendants have not had an opportunity to respond. Therefore, to avoid delay and promote judicial economy, I am issuing this Memorandum without consideration of today's filings. Nevertheless, these filings may be relevant to a second amended complaint.

photography on the webpage of "Cecil Whig." *Id.* APG appears to own Cecil Whig. Second, Vient alleges that his article, "How long is too long," and a related photograph, appeared in "Cecil Whig" on "Newspapers," a website allegedly owned by Ancestry. *See* ECF 17-2. Plaintiff does not expressly state when he believes Ancestry displayed his works. However, plaintiff's screenshot of the article suggests that it was displayed on September 20, 2018. ECF 17-2.

Plaintiff claims that he holds copyright registrations TX0008587743 (ECF 19-1 at 2-3) ("Copyright #1"); TX0008587772 (*id.* at 4-5) ("Copyright #2"); and TX0008589705 (*id.* at 6-7) ("Copyright #3"). *See also* ECF 19-2. Copyright #1 covers the collective work entitled "On the Rails by Ben Vient and other Contributions: October 2013 - September 2014." ECF 19-2 at 2-3. Copyright #2 pertains to the collective work entitled "On the Rails by Ben Vient and other Contributions: October 2014 - September 2015." *Id.* at 4-5. And, Copyright #3 covers the collective work entitled "On the Rails by Ben Vient and other Contributions: October 2015 - July 2016." *Id.* 6-7.

## II.     Standard of Review

A defendant may test the legal sufficiency of a complaint by way of a motion to dismiss under Rule 12(b)(6). *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010), *aff'd sub nom.*, *McBurney v. Young*, 569 U.S. 221 (2013); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted."

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Fed. R. Civ. P. 8(a)(2). That rule provides that a complaint must contain a "short

and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (citation omitted) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . ."); *see also Paradise Wire & Cable Defined Benefit Pension Plan v. Weil*, 2019 WL 1105179, at *3 (4th Cir. Mar. 11, 2019); *Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). To be sure, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, *Miss.*, 574 U.S. ___, 135 S. Ct. 346, 346 (2014) (per curiam). But, mere "'naked assertions' of wrongdoing" are generally insufficient to state a claim for relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citation omitted).

In other words, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. "[A]n unadorned, the-defendant-unlawfully-harmed-me accusation" does not state a plausible claim of relief. *Iqbal*, 556 U.S. at 678. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote

and unlikely." *Twombly*, 550 U.S. at 556 (internal quotation marks omitted).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Semenova v. MTA*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015); *Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir. 2011), *cert. denied*, 565 U.S. 943 (2011). But, a court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986); *Glassman v. Arlington Cty.*, 628 F.3d 140, 146 (4th Cir. 2010). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

Courts ordinarily do not "'resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses'" through a Rule 12(b)(6) motion. *Edwards,* 178 F.3d at 243 (quoting *Republican Party v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992)). However, "in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)." *Goodman v. Praxair, Inc.,* 494 F.3d 458, 464 (4th Cir. 2007) (en banc); *accord Pressley v. Tupperware Long Term Disability Plan,* 553 F.3d 334, 336 (4th Cir. 2009). Because Rule 12(b)(6) "is intended [only] to test the legal adequacy of the complaint," *Richmond, Fredericksburg & Potomac R.R. Co. v. Forst,* 4 F.3d 244, 250 (4th Cir. 1993), "[t]his principle only applies . . . if all facts necessary

to the affirmative defense 'clearly appear[ ] *on the face of the complaint.*'" *Goodman,* 494 F.3d at 464 (quoting *Forst,* 4 F.3d at 250) (emphasis added in *Goodman* ).

"Generally, when a defendant moves to dismiss a complaint under Rule 12(b)(6), courts are limited to considering the sufficiency of allegations set forth in the complaint and the 'documents attached or incorporated into the complaint.'" *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606 (4th Cir. 2015) (quoting *E.I. du Pont de Nemours & Co.*, 637 F.3d at 448). The court "may not consider any documents that are outside of the complaint, or not expressly incorporated therein . . . ." *Clatterbuck v. City of Charlottesville*, 08 F.3d 549, 557 (4th Cir. 2013); *see Bosiger v. U.S. Airways, Inc.*, 510 F.3d 442, 450 (4th Cir. 2007).

But, under limited circumstances, when resolving a Rule 12(b)(6) motion, a court may consider documents beyond the complaint without converting the motion to dismiss to one for summary judgment. *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015). In particular, a court may properly consider documents that are "explicitly incorporated into the complaint by reference and those attached to the complaint as exhibits." *Goines*, 822 F.3d at 166 (citation omitted); *see also Six v. Generations Fed. Credit Union*, 891 F.3d 508, 512 (4th Cir. 2018); *Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195, 198 (4th Cir. 2014); *U.S. ex rel. Oberg v. Pa. Higher Educ. Assistance Agency*, 745 F.3d 131, 136 (4th Cir. 2014); *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004), *cert. denied*, 543 U.S. 979 (2004); *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir. 1999).

However, "before treating the contents of an attached or incorporated document as true, the district court should consider the nature of the document and why the plaintiff attached it." *Goines*, 822 F.3d at 167 (citing *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 455 (7th Cir. 1998)). Of import here, "[w]hen the plaintiff attaches or incorporates a

document upon which his claim is based, or when the complaint otherwise shows that the plaintiff has adopted the contents of the document, crediting the document over conflicting allegations in the complaint is proper." *Goines*, 822 F.3d at 167. Conversely, "where the plaintiff attaches or incorporates a document for purposes other than the truthfulness of the document, it is inappropriate to treat the contents of that document as true." *Id*.

A court may also "consider a document submitted by the movant that [is] not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity." *Goines*, 822 F.3d at 166 (citations omitted); *see also Woods v. City of Greensboro*, 855 F.3d 639, 642 (4th Cir. 2017), *cert. denied*, ___ U.S. ___, 138 S. Ct. 558 (2017); *Oberg*, 745 F.3d at 136; *Kensington Volunteer Fire Dep't. v. Montgomery Cty.*, 684 F.3d 462, 467 (4th Cir. 2012).

To be "integral," a document must be one "that by its 'very existence, *and not the mere information it contains*, gives rise to the legal rights asserted.'" *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011) (citation omitted) (emphasis in original). *See also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

In addition, "a court may properly take judicial notice of 'matters of public record' and other information that, under Federal Rule of Evidence 201, constitute 'adjudicative facts.'" *Goldfarb*, 791 F.3d at 508; *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Katyle v. Penn Nat'l Gaming, Inc.,* 637 F.3d 462, 466 (4th Cir. 2011), *cert. denied*, 565 U.S. 825 (2011); *Philips v. Pitt Cty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). However, under Fed. R. Evid. 201, a court may take judicial notice of adjudicative facts only if they are "not subject to reasonable dispute," in that they are "(1) generally known within the territorial

jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."

As noted, plaintiff submitted two exhibits with his Amended Complaint, containing screenshots of the alleged acts of copyright infringement. *See* ECF 17-1; ECF 17-2. The Court may consider them because these exhibits are integral to and explicitly discussed in the Amended Complaint.

With the Motion, APG filed copies of plaintiff's three copyright registrations. ECF 19-1. Because they are "integral to the complaint and there is no dispute about [their] authenticity," the Court may consider them. *Goines*, 822 F.3d at 166. Moreover, the Court may take judicial notice of them, as they are matters of public record. *See Goldfarb*, 791 F.3d at 508.

Because plaintiff is self-represented, the Court must construe the Amended Complaint liberally. But, there are limits. In granting a motion to dismiss a complaint brought by a self-represented plaintiff, Judge Bennett explained in *Jackson v. Experian Fin. Servs.*, RDB-13-1758, 2014 WL 794360, at *1 (D. Md. Feb. 26, 2014) (alterations in *Jackson*):

> As this Court has held, "'the proper length and level of clarity for a pleading cannot be defined with any great precision and is largely a matter for the discretion of the trial court.'" *Stone v. Warfield,* 184 F.R.D. 553, 555 (D. Md. 1999) (quoting CHARLES A. WRIGHT & ARTHUR R. MILLER, 5 FEDERAL PRACTICE & PROCEDURE § 1217 (2d ed. 1990)). Although a pro se plaintiff is generally given more leeway than a party represented by counsel, this Court "has not hesitated to require even pro se litigants to state their claims in an understandable and efficient manner." *Id.* (citing *Anderson v. Univ. of Md. Sch. of Law,* 130 F.R.D. 616, 617 (D. Md. 1989), *aff'd*, 900 F.2d 249, 1990 WL 41120 (4th Cir. 1990) (unpublished table decision)). To that end, a district court "is not obliged to ferret through a [c]omplaint, searching for viable claims." *Wynn–Bey v. Talley,* No. RWT–12–3121, 2012 WL 5986967, at *2 (D. Md. Nov. 28, 2012). Rather, a court "may dismiss a complaint that is so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." *Id.* (quoting *Salhuddin v. Cuomo,* 861 F.2d 40, 42 (2d Cir. 1988)).

And, in *Green v. United States*, GLR-15-2026, 2016 WL 7338408 (D. Md. Dec. 19, 2016), Judge Russell dismissed a suit, *sua sponte*, and explained, *id.* at *1:

> The instant Complaint "places an unjustifiable burden on defendants to determine the nature of the claim against them and to speculate on what their defenses might be" and imposes a burden on the court to sort out the factual basis of any claims fairly raised, making dismissal under Rule 8 appropriate. *Holsey v. Collins*, 90 F.R.D. 122 (D. Md. 1981); *see also Spencer v. Hedges*, 838 F.2d 1210 (Table) (4th Cir. 1988). To comply with the rule, a Plaintiff must provide enough detail to illuminate the nature of the claim and allow Defendants to respond. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Although district courts have a duty to construe self-represented pleadings liberally, Plaintiff must nevertheless allege facts that state a cause of action. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (duty to construe liberally does not require courts to conjure up questions never squarely presented).

### III. Discussion

Defendants argue that plaintiff has failed to properly register the works at issue.[3] They assert that plaintiff failed to provide a copyright registration number for "Drawn to the Train." ECF 19-1 at 5. Defendants implicitly concede that Copyright #1 lists "How long is too long?" as a constituent work. However, they assert that the copyright "involves a work comprised of material created by Plaintiff with other contributions" and therefore fails because plaintiff "has not identified which part of the work is his copyright protected work, nor which parts of the work Defendant APG Media allegedly distributed reproduced or displayed[.]" *Id.* Plaintiff has not directly responded to these arguments.

Copyright protection applies to "original works of authorship fixed in any tangible medium of expression . . . ." 17 U.S.C. § 102. The Fourth Circuit explained the purpose of the Act in *Bond v. Blum*, 317 F.3d 385, 393 (4th Cir. 2003) (some modifications in original):

---

[3] In its Motion to Dismiss, counsel for APG cited only two cases in support of its analysis. Nevertheless, counsel took pains to casually insinuate that Vient has clogged the justice system by filing several suits. But, multiple suits are merited in response to multiple wrongs. Although the Court cannot speak to the merits of the other suits, the instant suit is at least plausible.

The Copyright Act, enacted on the authority of Article I, § 8, of the Constitution, confers on creators of original works a limited monopoly in their works of authorship to advance an important public purpose. "It is intended to motivate the creative activity of authors and inventors by the provision of a special reward, and to allow the public access to the products of their genius after the limited period of exclusive control has expired." *Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 429 (1984). The reward to the owner is "a secondary consideration" that serves the primary public purpose of "induc[ing] release to the public of the products of [the author's or artist's] creative genius." *Id.* (quoting *United States v. Paramount Pictures, Inc.*, 334 U.S. 131, 158 (1948)); *see also Harper & Row Publishers, Inc. v. Nation Enterprises*, 471 U.S. 539, 546 (1985).

"'[T]he Copyright Act grants the copyright holder 'exclusive' rights to use and to authorize the use of his work in five qualified ways, including reproduction of the copyrighted work in copies.'" *CoStar Grp., Inc. v. LoopNet, Inc.*, 373 F.3d 544, 549 (4th Cir. 2004) (quoting *Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 432-33 (1984)) (alteration in *CoStar*). Under the Act, "[a]nyone who violates any of the exclusive rights of the copyright owner . . . is an infringer of the copyright or right of the author . . . ." 17 U.S.C. § 501.

"One type of 'original work of authorship' protected under the Copyright Act is a 'compilation,' which is 'formed by the collection and assembling of preexisting materials or of data that are selected, coordinated, or arranged in such a way that the resulting work as a whole constitutes an original work of authorship.'" *Metro. Reg'l Info. Sys., Inc. v. Am. Home Realty Network*, Inc., 722 F.3d 591, 596 (4th Cir. 2013) (quoting 17 U.S.C. § 101). Under 17 U.S.C. § 103(b), "[t]he copyright in a compilation or derivative work extends only to the material contributed by the author of such work, as distinguished from the preexisting material employed in the work . . . ." *See also New York Times Co., Inc. v. Tasini*, 533 U.S. 483, 494 (2001).

When a compilation's individual components are copyrightable, the compilation is a "collective work." *See* 17 U.S.C. § 101 ("A 'collective work' is a work, such as a periodical issue, anthology, or encyclopedia, in which a number of contributions constituting separate and

independent works in themselves, are assembled into a collective whole."). The ownership of contributions to a collective work is defined by 17 U.S.C. § 201(c), which provides:

> Copyright in each separate contribution to a collective work is distinct from copyright in the collective work as a whole, and vests initially in the author of the contribution. In the absence of an express transfer of the copyright or of any rights under it, the owner of copyright in the collective work is presumed to have acquired only the privilege of reproducing and distributing the contribution as part of that particular collective work, any revision of that collective work, and any later collective work in the same series.

Despite owning a copyright, a copyright holder cannot sue for infringement until the work is pre-registered or registered in accordance with Title 17 of the United States Code. 17 U.S.C. § 411(a).[4] "Therefore, although an owner's rights exist apart from registration, registration is akin to an administrative exhaustion requirement that the owner must satisfy before suing to enforce ownership rights." *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, ___ U.S. ___, ___, 139 S. Ct. 881, 888 (2019) (internal citation omitted).

To establish copyright infringement, in general "'two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" *CoStar*, 373 F.3d at 549 (quoting *Feist Publications., Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)); *accord Metropolitan Regional Information Systems, Inc. v. American Home Realty Network, Inc.*, 888 F. Supp. 2d 691, 709 (D. Md. 2012), *aff'd*, 722 F.3d 591 (4th Cir. 2013). To show ownership of a valid copyright, a plaintiff must supply "proof of originality and copyrightability." *See Darden v. Peters*, 488 F.3d 277, 285 (4th Cir. 2007) (internal quotation marks omitted). "A work is original when it has been 'independently created by the author (as opposed to copied from other works), and . . . possesses at least some minimal degree of

---

[4] Although there are limited exceptions to the registration requirement, they do not apply here. 17 U.S.C. § 411.

creativity.'" *Edgerton v. UPI Holdings*, CCB-09-1825, 2010 WL 2651304, at *4 (D. Md. July 1, 2010) (quoting *Feist*, 499 U.S. at 345). The Supreme Court has said: "The vast majority of works make the grade quite easily, as they possess some creative spark, no matter how crude, humble, or obvious it might be." *Feist*, 499 U.S. at 345 (internal quotation marks omitted).

In the Fourth Circuit, "where an owner of a collective work also owns the copyright for a constituent part of that work, registration of the collective work is sufficient to permit an infringement action of the constituent part." *Xoom, Inc. v. Imageline, Inc.*, 323 F.3d 279, 283 (4th Cir. 2003), *abrogated by Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154 (2010); *see also Morris v. Bus. Concepts, Inc.*, 259 F.3d 65, 68 (2d Cir. 2001), *as clarified on denial of reh'g*, 283 F.3d 502 (2d Cir. 2002), *and abrogated by Muchnick*, 559 U.S. 154.

The Fourth Circuit's decision in *Home Realty*, 722 F.3d 591, is pertinent. In *Home Realty*, plaintiff owned the copyright in a database consisting of photographs and had registered the database. Although plaintiff owned the copyright in each photograph, it did not register its copyright in each individual photograph. Plaintiff sued defendant for the unauthorized display of plaintiff's copyrighted photographs. In response, defendant claimed, *inter alia*, that plaintiff's registration of the database, a collective work, did not suffice to establish a registration of the copyrights in the photographs, the component works. Upholding the lower court's order for preliminary injunction against the defendant, the Court concluded that "collective work registrations [are] sufficient to permit an infringement action on behalf of component works, at least so long as the registrant owns the rights to the component works as well." *Id.* at 598. The Court reasoned that nothing in the relevant statute and regulations requires a copyright holder "to list the name and author of every component photograph it wishes to register as part of an automated database registration." *Id.* at 597 (citing 37 C.F.R. § 202.3(b)(5)).

Defendants' reliance on my decision in *Topline Sols., Inc. v. Sandler Sys., Inc.*, ELH-09-3102, 2017 WL 1862445 (D. Md. May 8, 2017), is misplaced. There, I concluded that the registration of a collective work did not register the component works where the copyrights in the component works at issue were owned by a third-party. *Id.* at *23-24.

By contrast, plaintiff here has a copyright in both the collective work and the contested component work, "How long is too long to ride a train?" Vient has a registered copyright in the collective work, entitled "On the Rails by Ben Vient and other Contributions: October 2013 - September 2014." ECF 19-2 at 2-3. The copyright registration does not include the author of the component works, and plaintiff has not alleged that he authored all of them. Nevertheless, plaintiff has alleged that he authored "How long is too long to ride a train?" *See* ECF 17. Therefore, at this juncture, he has adequately alleged a copyright of that article. *See* 17 U.S.C. § 201(c) ("Copyright in each separate contribution to a collective work. . . vests initially in the author of the contribution."). Additionally, the article is one of the component works in the registration for Copyright #1. Therefore, plaintiff has plausibly alleged a valid registration in the article and the related photograph.

Plaintiff plausibly alleges a suit for copyright infringement of "How long is too long to ride a train?" As noted, plaintiff has alleged that he is the author of the article and is therefore presumptively the copyright holder. Plaintiff has also alleged that defendant reproduced, distributed, and displayed his article, and has supported that allegation with a screenshot of the article and photograph.

But, none of plaintiff's three registrations for the collective works list "Drawn to the Train" as a component work. Moreover, the Amended Complaint contains no allegations from which the

Court could infer that "Drawn to the Train" is registered as a component work. Accordingly, plaintiff does not plausibly allege registration of "Drawn to the Train."

## IV. Conclusion

In view of the foregoing, I shall grant in part and deny in part the Motion to Dismiss. ECF 19; ECF 28. Specifically, I shall grant the Motion to Dismiss as to the copyright infringement claim regarding "Drawn to the Train" and the related photograph, and I shall deny it as to the copyright infringement claim regarding "How long is too long" and the related photograph. And, I shall grant plaintiff's motion to renew (ECF 22) as to plaintiff's motion for preliminary injunction (ECF 11), and deny the motion to renew as to plaintiff's other motions, including ECF 7, ECF 8, ECF 9, ECF 10, ECF 12, and ECF 13. I shall also deny, as moot, ECF 22, ECF 26, ECF 30, ECF 32, ECF 36, ECF 37, and ECF 38. And, I shall deny, as premature, plaintiff's motion for conference. ECF 34.

Defendants shall file a response to plaintiff's motion for preliminary injunction by June 7, 2019.

Plaintiff may file a second amended complaint by June 14, 2019. If plaintiff does not amend, defendants shall respond to the suit by June 21, 2019. If plaintiff does amend, defendants shall respond within 21 days of the filing of the amended suit.

An Order follows.

Date: May 24, 2019 /s/
Ellen Lipton Hollander
United States District Judge